IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILBUR RAY HARRISON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-4682-D |
| VS. § | |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Wilbur Ray Harrison ("Harrison") moves for leave to file a second motion for partial summary judgment after the deadline for filing summary judgment motions, and he and defendant Wells Fargo Bank, N.A. ("Wells Fargo") both move to extend the deadline to complete discovery. For the following reasons, the court grants the motions, and it also resets the trial of this case.

I

Because this case is the subject of a prior memorandum opinion and order, *Harrison v. Wells Fargo Bank, N.A.*, 2015 WL 1649069 (N.D. Tex. Apr. 14, 2015) (Fitzwater, J.) ("*Harrison I*"), the court will limit its discussion of the background facts and procedural history to what is pertinent to this decision.

Harrison filed this lawsuit in state court against Wells Fargo alleging claims for breach of contract, fraud by omission, and conversion. After Wells Fargo removed the case to this court, the court entered a scheduling order ("Scheduling Order") that set November 24, 2014

as the deadline to complete discovery and December 22, 2014 as the deadline to file a summary judgment motion.

On November 3, 2014 Harrison filed a motion for summary judgment, and on December 12, 2014 he filed a motion for leave to file a second amended complaint. Wells Fargo then filed a cross-motion for summary judgment. In *Harrison I* the court denied the parties' cross-motions for summary judgment, but it granted Harrison leave to file an amended complaint. *Harrison I*, 2015 WL 1649069, at *11. Harrison thereafter filed a second amended complaint, alleging for the first time a claim for willful violation of the automatic bankruptcy stay.[1]

On May 12, 2015 Harrison filed an amended[2] motion for partial summary judgment addressing his claim for willful violation of the automatic stay. On May 14, 2015 Wells Fargo filed a motion to continue the trial and discovery deadlines in light of Harrison's newly-added cause of action. The court, on its own initiative, continued the trial to the two-

---

[1]Although Harrison's first amended complaint alleged that Wachovia Bank, N.A. ("Wachovia"), which Wells Fargo later purchased, had violated the automatic stay in the bankruptcy of The Millennium Protection Group, Inc. (of which Harrison was the president and sole shareholder), the court concluded that Harrison had not actually pleaded a claim for willful violation of the automatic stay. Accordingly, in deciding Harrison's motion for summary judgment, the court did not consider Harrison's evidence or allegations concerning Wachovia's alleged breach of the automatic stay. *See Harrison I*, 2015 WL 1649069, at *5 n.7.

[2]On May 6, 2015 Harrison filed a motion for partial summary judgment, but because the brief and appendix were deficient, the court on May 8, 2015 directed that Harrison file an amended motion. In its May 8, 2015 order, the court did not address whether Harrison's May 6, 2015 motion was permissible under N.D. Tex. Civ. R. 56.2(b), or was timely.

week docket of December 7, 2015. It noted that Wells Fargo's motion for continuance of the discovery deadline remained pending and would be decided under the normal briefing rules and deadlines.

On May 22, 2015 the court issued an order ("May 22, 2015 Order"), noting that, under N.D. Tex. Civ. R. 56.2(b), "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment"; that the court had not granted Harrison leave to file a second motion for summary judgment; and that, even had the court granted Harrison leave to file a second motion, he had filed the motion after the December 22, 2014 deadline for filing a summary judgment motion. May 22, 2015 Order 1. The court therefore directed Harrison to demonstrate why he should be permitted to file a second motion for partial summary judgment, and to do so after the court-ordered deadline. *Id.*[3]

In response to the May 22, 2015 Order, Harrison requests leave to amend the Scheduling Order and to permit him to move for partial summary judgment solely on the issue of whether the automatic stay had been violated in the bankruptcy of The Millennium Protection Group, Inc. ("Millennium"). Wells Fargo opposes Harrison's request. Alternatively, Wells Fargo requests that, if the court grants Harrison leave to file the second summary judgment motion, it also continue the discovery deadline and allow Wells Fargo sufficient time to complete discovery and respond to the summary judgment motion.

---

[3]The court excused defendant from responding to the motion until the court granted Harrison leave to file it.

- 3 -

On July 15, 2015 Harrison filed a motion to extend the deadline for completing discovery so that he can conduct additional depositions and/or serve additional written discovery. Wells Fargo does not oppose extending the discovery deadline, provided the extension applies equally.

II

The court turns first to the motions to extend the discovery deadline. Because the parties both maintain that they need additional discovery—Wells Fargo contends that it requires additional discovery related to Harrison's newly-asserted cause of action for willful violation of the automatic stay, and Harrison posits that he needs additional discovery to respond to arguments made for the first time in Wells Fargo's November 24, 2014 summary judgment response brief—and because neither party appears to oppose the other party's request for an extension, the court grants Wells Fargo's May 14, 2015 motion and Harrison's July 15, 2015 motion to extend the discovery deadline.

In its motion, Wells Fargo requests a 90-day extension of the discovery deadline, which the court finds is reasonable. Accordingly, the court extends the discovery deadline until 90 days after this memorandum opinion and order is filed so that the parties can complete the additional discovery they request in their motions.

III

Before deciding whether the Scheduling Order should be modified so that Harrison can move for partial summary judgment after the deadline, the court will address whether he should be permitted to file a second summary judgment motion.

N.D. Tex. Civ. R. 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." As the court has explained:

> Among other functions, [Rule 56.2(b)] prevents the practice—too prevalent before the Rule was adopted—of circumventing the page limits on summary judgment motions by dividing arguments among several motions. And it also enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple. There may be instances . . . where a second motion should be permitted. But the court retains ultimate control that it would not have if successive motions were allowed as of right.

*Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007) (Fitzwater, J.).

The court concludes that Harrison should be permitted to file a second motion for partial summary judgment that, as he requests, solely addresses the issue of whether defendant violated the automatic stay in Millennium's bankruptcy. There is no suggestion in the record that Harrison is attempting to take a "second bite of the apple" or to improperly divide his arguments between successive motions. In fact, Harrison attempted in his original motion for summary judgment to raise arguments related to defendant's alleged breach of the automatic stay, but the court declined to consider them, or Harrison's evidence, because he had not pleaded a claim for willful violation of the automatic stay. *See Harrison I*, 2015 WL 1649069, at *5 n.7. Now that Harrison has amended his complaint, he seeks summary judgment solely related to this newly-pleaded claim. The court concludes that this case

presents an instance in which a second motion for summary judgment should be permitted. *See Home Depot U.S.A.*, 2007 WL 1969752, at *2.[4]

IV

The court now addresses whether to modify the Scheduling Order to permit Harrison to file his second summary judgment motion.[5]

A

Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The "good cause" standard focuses on the diligence of the party seeking to modify the scheduling order. *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *Price v. United Guar. Residential Ins. Co.*, 2005 WL 265164, at *4 (N.D. Tex. Feb. 2, 2005) (Fish, C.J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Instead, the movant must show that, despite its diligence, it could not reasonably have met the scheduling deadline. *Am. Tourmaline Fields*, 1998 WL 874825, at *1 (citing

---

[4]The court emphasizes that the decision whether to grant leave under Rule 56.2(b) is an exercise of discretion that often turns on the specific facts and procedural history of a case. It is therefore difficult to articulate a general rule regarding when such leave should be granted or to cite one case as authority for granting leave in another case.

[5]Harrison filed his amended motion for partial summary judgment on May 12, 2015, after the December 22, 2014 deadline specified in the Scheduling Order.

6A Charles Alan Wright, et al., Federal Practice & Procedure, § 1522.1 at 231 (2d ed. 1990)); *see also Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

"In determining whether the movant has met [his] burden under Rule 16(b)(4), the court considers four factors: (1) the party's explanation, (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Cartier v. Egana of Switz. (Am.) Corp.*, 2009 WL 614820, at *3 (N.D. Tex. Mar. 11, 2009) (Fitzwater, C.J.) (citing *S & W Enters.*, 315 F.3d at 536).

B

1

The court first considers Harrison's explanation. Harrison contends that he is seeking leave to file a summary judgment motion so that the court can consider issues addressed in his initial, timely motion for summary judgment that were not considered because he had not yet obtained leave to amend his complaint. Harrison maintains that immediately after the court granted him leave to amend, he filed (in succession) his second amended complaint and motion for summary judgment (addressing the single issue of the alleged violation of the automatic stay).

Wells Fargo responds that Harrison has failed to show diligence or good cause for his delay in asserting a claim for violation of the automatic stay or filing the summary judgment motion. Wells Fargo maintains that Harrison has known for more than six years of the facts underlying his claim that the automatic stay was violated, yet he waited until April 20, 2015,

- 7 -

nearly eighteen months after he filed this lawsuit, to assert a claim that the automatic stay was violated. Wells Fargo posits that Harrison cannot establish that there is "good cause" to amend the Scheduling Order given his own lack of diligence in timely and properly asserting this cause of action.

Harrison apparently believed that *he had* adequately alleged in his first amended complaint that Wachovia had violated the automatic stay. In *Harrison I* the court disagreed with Harrison, but it also granted him leave to file his second amended complaint in order to allege a claim for willful violation of the automatic stay. *See Harrison I*, 2015 WL 1649069, at *11. Harrison promptly amended his complaint and promptly moved for summary judgment on the claim.

2

The second factor is the importance of the requested relief. Harrison contends that the relief he seeks is important because it will enable the court to address a significant issue between the parties that is currently limiting the parties' ability to discuss settlement in a complete and meaningful way, and because the court's consideration of the issue will possibly eliminate the need for a significant issue to be addressed at trial. The court agrees that the relief Harrison requests is important. Although Harrison will be able to present at trial his arguments and evidence regarding his claim for willful violation of automatic stay, there is value—both in the time that may be saved at trial and the ability of the parties to more meaningfully discuss settlement—if the court is able to decide the issues related to Harrison's claim for willful violation of automatic stay before trial.

3

The third factor considers potential prejudice in allowing the amendment. Harrison contends that Wells Fargo will not be prejudiced because his motion pertains to an issue already briefed and presented to the court, and it relates to allegations contained in his original state-court petition. Wells Fargo responds that it will be prejudiced because it has not been able to conduct discovery, which might reveal evidence relevant to the motion.

The court is today granting Wells Fargo additional time to conduct discovery related to Harrison's claim that the automatic stay was willfully violated. Accordingly, any prejudice of the type Wells Fargo identifies will be adequately addressed.

4

The fourth factor considers the availability of a continuance to cure any prejudice. As the court explains below, it is continuing the trial of this case to the April 4, 2016 docket so that the parties will have adequate time to complete discovery and the court will have sufficient time to decide Harrison's summary judgment motion. The continuance of the trial will cure any prejudice caused by extending the Scheduling Order deadline to permit Harrison to file his motion for partial summary judgment.

5

The court now considers the four factors holistically. "It does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012). Assessing the factors as a whole, the court holds that Harrison has met the good cause

standard for modifying the Scheduling Order. Harrison has explained why he failed to file his second motion for partial summary judgment until after the Scheduling Order deadline, the amendment he seeks is important, there is no basis to conclude that Wells Fargo will be unduly prejudiced, and any such prejudice will be ameliorated through the continuance of the trial.

C

Wells Fargo requests that, if the court permits Harrison to file his second motion for summary judgment, it allow Wells Fargo sufficient time to complete discovery and respond to the motion. The court is today granting the parties 90 additional days to complete discovery. The court concludes that Wells Fargo should be given 21 days after the discovery period is concluded to file its response to Harrison's second motion for partial summary judgment. Harrison's reply brief shall be due 14 days after Wells Fargo files its response.

V

The court on its own initiative resets the trial of this case to the two-week docket of April 4, 2016. By granting the requested 90-day continuance, discovery will not be completed until after the two-week docket of December 7, 2015 has concluded. Additionally, the court will need time to decide Harrison's summary judgment motion after it is fully briefed, and briefing may not conclude until late January or early February 2016. And the parties should not be required to prepare for trial and make pretrial filings without the benefit of the court's summary judgment ruling.

* * *

For the foregoing reasons, Harrison's motion for leave to file motion for partial summary judgment is granted, and his motion to extend deadline for completion of discovery, which Wells Fargo in its response does not oppose (if applied equally), is granted.

**SO ORDERED**.

September 21, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE