IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBUR RAY HARRISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-4682-D |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Wilbur Ray Harrison ("Plaintiff" or "Harrison") has filed a Motion to Compel (the "MTC"), seeking an order (1) to compel Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") to produce certain documents requested by Plaintiff, (2) to compel Defendant to produce Roderick Arias for deposition in Dallas, Texas, and (3) to require the parties to mediate this dispute before a specific deadline set by the Court. *See* Dkt. No. 74; *see also* Dkt. Nos. 77 & 79 (withdrawing Plaintiff's request in his MTC for an order compelling Peter Lucarelli's deposition in Dallas).

United States District Judge Sidney A. Fitzwater referred the MTC to the undersigned United States magistrate judge for determination. *See* Dkt. No. 75.

Defendant filed a response, *see* Dkt. No. 82, and Plaintiff did not file a reply, and his time to do so has passed, *see* Dkt. No. 76. The Court heard oral argument on the MTC on April 8, 2016. *See* Dkt. No. 84.

For the reasons and to the extent explained below, the Court DENIES Plaintiff's Motion to Compel [Dkt. No. 74].

## Background

Because this case is the subject of prior memorandum opinions and orders, *see* Dkt. Nos. 41 & 60, the Court will limit its discussion of the background facts and procedural history to what is pertinent to Plaintiff's MTC.

Harrison filed this lawsuit in state court against Wells Fargo alleging claims for breach of contract, fraud by omission, and conversion. After Wells Fargo removed the case to this Court, Harrison filed a motion for summary judgment and then a motion for leave to file a second amended complaint. Wells Fargo then filed a cross-motion for summary judgment.

The Court previously recounted the factual background in the context of deciding the parties' cross-motions for summary judgment:

> This is an action by plaintiff Wilbur Ray Harrison ("Harrison") against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), alleging claims for breach of contract, fraud by omission, and conversion. Harrison was the president and sole shareholder of The Millennium Protection Group, Inc. ("Millennium"), which provided tire protection plans to consumers through auto dealerships. Consumers protected by the plans could request tire repairs or replacements from dealerships or auto repair centers. The dealerships or repair centers would, in turn, submit the consumers' claims to Millennium for approval. Once Millennium approved a claim, it would authorize the dealership or repair center to perform the work or replacement covered by the claim, and reimburse the dealership or repair center after the covered work had been performed.
>
> To insure that Millennium paid dealerships and repair centers for work performed, it purchased bonds from Lexon Insurance Company ("Lexon") and/or Bond Safeguard Insurance Company ("Bond Safeguard") (sometimes referred to, collectively, as "Lexon/Bond Safeguard") and Acstar Insurance Company ("Acstar"). Payment on the bonds was to be made only if Millennium failed to pay the dealerships or repair centers for work performed on claims that Millennium had authorized and approved. If Millennium failed to pay an authorized claim, the dealer or repair center had the right to contact Lexon/Bond Safeguard or Acstar to

seek the amount to which it was entitled for that claim. Millennium was obligated to reimburse Lexon/ Bond Safeguard and Acstar for payments they made to dealerships or repair centers that had performed work on claims that Millennium had approved but had not paid.

The bonds that Millennium purchased were collateralized by ten letters of credit issued by Wachovia Bank, N.A. ("Wachovia") – whom Wells Fargo later purchased – for the benefit of Lexon/Bond Safeguard and Acstar. The letters of credit were secured by Millennium's certificates of deposit held at Wachovia. For each letter of credit, Harrison, as president of Millennium, executed a Continuing Letter of Credit Agreement ("Letter of Credit Agreement") that authorized Wachovia to "honor any presentation or drawing under the [letters of credit] that appears on its face substantially to comply with the terms and conditions of the [letters of credit]." D. 11/24/14 App. 82. According to Wells Fargo, each letter of credit required the beneficiary to present its claim to Wachovia with a written certification stating that the beneficiary was entitled to the requested draw, and, upon such presentment, Wachovia was obligated under the letters of credit to disburse the requested amount to the beneficiary, up to the aggregate amount of the letter of credit.

In addition to the Letter of Credit Agreement, Harrison, on behalf of Millennium, executed a Security Agreement ("Security Agreement") for each of the ten letters of credit. The Security Agreement allowed Wachovia to offset the certificates of deposit after disbursing funds on the letters of credit, and it provide that Millennium "shall not assign its rights and interest [under the Security Agreement] without the prior written consent of [Wachovia], and any attempt by [Millennium] to assign without [Wachovia's] prior written consent is null and void." *Id.* at 93.

On April 1, 2009 Millennium filed for bankruptcy. Shortly thereafter, the beneficiaries under seven of the ten letters of credit made formal calls on the letters of credit. According to Wells Fargo, each call complied with the terms of the letters of credit. Wachovia thus honored the calls and disbursed funds on the seven letters of credit. Wells Fargo contends that Wachovia then liquidated Millennium's certificates of deposit and one deposit account in the total amount of $190,261.22. Harrison posits that Wachovia held $342,577.06 of Millennium funds in certificates of deposit, that the payout based on presentations made by Lexon/Bond Safeguard and Acstar under the letters of credit was $176,250, and that the remaining balance of $166,327.06 remains unaccounted for.

On August 10, 2011 Millennium's chapter 7 trustee abandoned all claims of the estate, and on October 2, 2012 the bankruptcy was closed. On November 30, 2012 Harrison filed a motion to reopen Millennium's

bankruptcy so that he could seek to recover the funds that Wachovia had distributed to the beneficiaries under the letters of credit. On January 10, 2013 the bankruptcy court denied Harrison's motion to reopen the bankruptcy, holding that the claims belonged to Millennium, not Harrison.

Dkt. No. 41 at 1-5 (footnotes omitted).

The Court denied the parties' cross-motions for summary judgment but granted Harrison leave to file an amended complaint. Harrison thereafter filed a second amended complaint, alleging for the first time a claim for willful violation of the automatic bankruptcy stay. With the Court's leave, Harrison has filed an amended motion for partial summary judgment addressing his claim for willful violation of the automatic stay, which remains pending. *See* Dkt. No. 63.

Plaintiff alleges that, "[s]hortly after Millennium filed for bankruptcy, Wachovia released Millennium funds to Lexon in the amount of $175,000.00 and Acstar in the amount of $40,000"; that, "without a Bankruptcy Court Order approving of such, Wachovia reimbursed itself by converting Millennium funds held in Certificates of Deposit and various company checking accounts, which constituted property of the Millennium bankruptcy estate"; that "[n]o valid consumer claims existed in that amount. Millennium owed less than $19,000 in valid consumer claims at the time of its bankruptcy, and the company included that amount in its bankruptcy schedules"; that, "[n]ot only did the bankruptcy proceedings, of which Wachovia became aware the same day as Millennium filed for bankruptcy, restrict Wachovia from reimbursing itself following the payment of Millennium funds without approval of the Bankruptcy Court, but the funds were not due and owing anyway"; and that, "[b]y wrongfully

releasing the funds rightfully belonging to Millennium, Wachovia breached the contracts it had with Millennium and is liable for conversion." Dkt. No. 74 at 3-4.

In the MTC, Plaintiff explains that he has served two sets of requests for production of documents on Defendant and contends that, "[d]espite Defendant's ongoing obligation to supplement its production, several categories of documents pertaining to Plaintiff's claims and the various positions Defendant has taken in this litigation have not been produced." *Id.* at 4.

Plaintiff also explains that he has requested the depositions of Mr. Arias, a key employee of Defendant with whom Plaintiff worked at the Cedar Springs Road branch of Wachovia in Dallas, Texas from approximately 2009 through 2011. *See id.* According to Plaintiff, this is the location where all of the relevant transactions involving Plaintiff and Defendant occurred, and Mr. Arias, along with another Wachovia employee, Kenneth Schlupp, handled all of Plaintiff's transactions at the Cedar Springs Road branch, and Defendant refuses to produce Mr. Arias for his deposition in Dallas, Texas, but rather, has insisted that Mr. Arias' deposition take place in New Jersey, where he now resides and works. *See id.* at 4-5. Plaintiff contends that, "[i]n light of the fact that all transactions in this matter took place in Dallas County, Dallas, Texas, the attorneys are located in Dallas, and Defendant has never challenged the venue of Dallas, Texas, it is equitable that Defendant would produce witness[] Roderick Arias ... in Dallas County, Texas, where this litigation is pending." *Id.* at 5.

Finally, Plaintiff seeks to compel Defendant to attend mediation so that the parties may attempt to settle this dispute without the need for continued judicial intervention. *See id.*

Defendant responded that Plaintiff's MTC "is wholly without foundation or merit," because "(1) Plaintiff has not identified a single request for production to which Wells Fargo's response was inadequate or why Wells Fargo's objections should be overruled; (2) Plaintiff has not shown the Court how Wells Fargo's document production has been inadequate; and (3) Plaintiff has not shown the Court why Fifth Circuit precedent concerning deposition locations should be disregarded to Plaintiff's benefit." Dkt. No. 82 at 3.

## Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related

activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

Federal Rules of Civil Procedure Rules 26(b) and 34(b) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, to Plaintiff's MTC is both just and practicable.

Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or

duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous

argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of

-10-

expenses unjust." FED. R. CIV. P. 37(a)(5)(A). Rule 37(a)(5)(B)-(C) further provide in pertinent part that, "[i]f the motion is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

## Analysis

I.   Production of Documents

    Plaintiff seeks to compel the production of several categories of documents, which Plaintiff contends are part of the written discovery requests previously served on Defendant, are part of Defendant's ongoing obligation to supplement discovery, and are all directly relevant to the issues in dispute in this litigation. Specifically, Plaintiff seeks the production of (1) Millennium bank statements from the time period of January 2008 to December 2009; (2) any and all credit reports generated by Defendant about Millennium from March 2009 to September 2009; (3) correspondence to or from Defendant's employees Chris Lee, Peter Lucarelli, Brian Perryman, Nora Ingram, and/or Faye Gordon pertaining to Plaintiff, Millennium, Lexon, or Acstar; (4) copies of all Certificates of Deposit and Letters of Credit issued to Millennium by Defendant; (5)

documentation evidencing withdrawal of any amounts from any of the accounts or Certificates of Deposits held at Wachovia Bank that constituted collateral on the Letters of Credit issued by Defendant to Millennium; (6) copies of any statements reflecting the amounts held in any and all Certificates of Deposit held as collateral on any Letters of Credit from the date the Certificate of Deposit was purchased to April 1, 2009; (7) documents evidencing the balance of any and all Certificates of Deposit owned by Millennium and held at Defendant bank as collateral on any Letters of Credit that are at issue in this lawsuit; (8) documents evidencing the amount of each Certificate of Deposit that was held as collateral for each particular Letter of Credit – in other words, documents evidencing the breakdown of collateral held for each Letter of Credit; (9) fully executed loan agreements or other documents for each Letter of Credit obtained at Defendant bank by Millennium; and (10) documents evidencing any so-called shortfall of collateral on the Letters of Credit. *See* Dkt. No. 74 at 6-7.

Defendant contends that Plaintiff's MTC "plainly fails to identify a single request for production for which Wells Fargo's response was inadequate and to which the [MTC] relates"; that, "[r]ather, Plaintiff vaguely – and incorrectly – asserts that each category of documents identified in his [MTC] 'are part of the written discovery requests previously served on Defendant....'"; and that "Plaintiff's attempt to summarily conclude that each of his requested categories of documents falls within the scope of his previous discovery requests is insufficient, places the burden on Wells Fargo and this Court to do Plaintiff's job for him, and is grounds for denying his [MTC]." Dkt. No. 82 at 4-5. Defendant further asserts that "Plaintiff's failure to

-12-

identify any allegedly insufficient discovery responses is also problematic in light of the fact that Wells Fargo asserted a number of objections to many of Plaintiff's requests for production"; that, "[b]ecause Plaintiff has not tied his [MTC] to any particular production requests, the Court is not able to determine which of the objections asserted by Wells Fargo in its responses to Plaintiff's requests for production might apply to the discovery sought in the [MTC]"; that "Wells Fargo recognizes that when challenged, Wells Fargo would bear the burden of defending its objections to Plaintiff's request for production," "[b]ut here, Plaintiff has not identified a single allegedly improper discovery objection or inadequate discovery response"; and that "[i]t would be fundamentally unfair for Wells Fargo to have to defend each and every objection asserted to Plaintiff's written discovery as a result of Plaintiff's incomplete [MTC]." *Id.* at 5.

Defendant further contends that, "[e]ven if Plaintiff's [MTC] did identify a single insufficient response to a specific request for production, Plaintiff's [MTC] is nevertheless improper because it identifies categories of documents which have not been requested in a request for production served on Wells Fargo under Rule 34 of the Federal Rules of Civil Procedure." *Id.* at 6. And Defendant asserts that, "[n]otwithstanding the fact that Plaintiff's [MTC] identifies categories of documents that have not been requested by a proper Rule 34 request for production, documents responsive each and every category of documents listed in Plaintiff's [MTC] have been produced by Wells Fargo." *Id.* at 8.

As Defendant correctly notes, Plaintiff's MTC does not identify the specific Rule 34 requests at issue or discuss further how Defendant's responses and document productions are deficient – and Plaintiff's counsel's email communications with Defendant's counsel in the day before filing the MTC did not do so either. *See* Dkt. No. 83 at 75-78 of 110. Neither did Plaintiff attach the document requests and responses at issue to the MTC. Plaintiff's MTC thus failed to specifically address any Rule 34 requests and responses thereto at issue. *Accord SJB Grp., LLC v. TBE Grp., Inc.*, No. Civ. A. 12-181-SDD, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013) ("The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such requirements in order to resort to the provisions of Rule 37. It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party." (internal quotation marks omitted; citing *Texas Democratic Party v. Dallas Cty., Tex.*, No. 3:08-cv-2117-P, 2010 WL 5141352, at *1 (N.D. Tex. Dec. 9, 2010); *Ledbetter v. United States*, No. 3:96-cv-678-X, 1996 WL 739036 at *2 (N.D. Tex. Dec. 18, 1996)); *Bishop v. May & Young Hotel, L.L.C.*, No. Civ. A. 10-124-BAJ, 2011 WL 4436750, at *1-*2 (M.D. La. Sept. 8, 2011) ("Neither the plaintiffs' motion nor their three-page supporting memorandum identified any specific interrogatory or request for production of documents as to which the plaintiffs contend the defendant's response is deficient. Instead the plaintiffs referred to categories of information and documents they sought, and argued that the defendant's discovery responses were non-responsive, incomplete and/or insufficient. ....Plaintiffs have not

-14-

shown that any particular discovery response is deficient. A general argument that all, or even most, of the defendant's discovery responses are deficient is not sufficient. Such an argument requires the court, in effect, to make the plaintiffs' arguments for them.").

As noted above, the party resisting discovery must show specifically how each discovery request at issue is not relevant or otherwise objectionable, and an objecting party must, in response to a motion to compel, urge and argue in support of his objection to a request, or the objection will be waived or deemed abandoned. But more is still required of a party moving to compel under Rule 37(a) than Plaintiff provides through his MTC.

A motion to compel must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1; must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining that and how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute. *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order

must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought."); FED. R. CIV. P. 37(a); N.D. TEX. L. CIV. R. 5.2(3) ("A motion that relates to a discovery proceeding must only contain the portions of the discovery materials in dispute."); N.D. TEX. L. CIV. R. 7.1.

Plaintiff has not filed a reply, but, even if Plaintiff had and therein provided more particular arguments and information, it would have come too late where arguments should not be made, and this missing level of detail and information should not be included, for the first time in a reply. *See Digital Generation, Inc. v. Boring*, 869 F. Supp. 2d 761, 771 (N.D. Tex. 2012) (declining to consider new arguments or evidence raised in reply brief); *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, No. 3:06-cv-1576-D, 2008 WL 80760, at *3 n.4 (N.D. Tex. Jan. 8, 2008) (explaining that "this court has repeatedly held that it will not consider arguments raised for the first time in reply"); *cf. Cavazos v. JP Morgan Chase Bank, N.A.*, 388 F. App'x 398, 399 (5th Cir. 2010) ("'[a]rguments raised for the first time in a reply brief, even by pro se litigants ... are waived'" (quoting *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir.2005)) (omission in original)). And, it follows that, even if a reply is not required, a party may not properly hold back new or additional arguments or information from its opening motion and (for that matter) from any reply and seek to present it for the first time at oral argument on a motion. *Cf. Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 562 n.2 (5th Cir. 2002) (" We do not generally consider points

presented for the first time in a reply brief. .... Needless to say, we do not generally consider points raised for the first time at oral argument.").

At oral argument, Defendant's counsel repeated the representation that Defendant made in response to the MTC that, "[n]otwithstanding any discovery objections asserted by Wells Fargo, the undersigned counsel certifies to the Court that each and every non-privileged document provided to counsel by Wells Fargo has been produced and that no non-privileged documents have been withheld from Plaintiff." Dkt. No. 82 at 5 n.3. After offering at oral argument to identify for the first time the specific Rule 34 requests at issue, Plaintiff's counsel explained that this representation by Defendant's counsel satisfies Plaintiff's requests in the MTC as to Defendant's document production.

Accordingly, Plaintiff's motion to compel Defendant to produce certain documents is denied.

II.  Deposition of Roderick Arias

Plaintiff noticed the deposition of Mr. Arias to occur in Dallas, Texas, *see* Dkt. No. 83 at 100-01 of 110, and now seeks an order compelling Defendant to produce Mr. Arias for deposition in Dallas. Plaintiff's request must be denied because Plaintiff has not established that Mr. Arias's deposition can be properly obtained by notice, as opposed to a subpoena.

As the Court has previously explained, "[a] corporate employee who does not qualify as an officer, director, or managing agent is not subject to deposition by notice. Rather, the employee is treated as any other non-party; before being compelled to

testify, he or she must be served with a subpoena pursuant to Federal Rule of Civil Procedure 45. A party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone. Absent such consent, however, to obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." *Jackson v. Stevens Transp., Inc.*, No. 3:14-cv-1416-M, 2015 WL 221087, at *2 (N.D. Tex. Jan. 15, 2015) (citations and internal quotation marks omitted).

This rule follows from the governing Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." FED. R. CIV. P. 30(b)(1). Rule 30(a)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)," and "[t]he deponent's attendance may be compelled by subpoena under Rule 45." FED. R. CIV. P. 30(a)(1). But, although "Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party1 or an officer, director, or managing agent of a party." 8A FED. PRAC. & PROC. Civ. § 2107. This follows from Federal Rule of Civil Procedure 37(d)(1)(A), which provides that "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party or a party's officer, director, or managing agent ... fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i).

-18-

But, reading all of the pertinent Federal Rules together, "[a] distinction must ... be drawn between a mere corporate employee and those who may be regarded as speaking for the corporation. Except where the employee has been designated by the corporation under Rule 30(b)(6), an employee is treated in the same way as any other witness. His or her presence must be obtained by subpoena rather than by notice, sanctions cannot be imposed against the corporation if he or she fails to appear, and the deposition is not considered to be that of the corporation and is usable only under the same circumstances as that of any other nonparty witness." 8A FED. PRAC. & PROC. Civ. § 2103 (footnotes omitted).

Plaintiff's MTC itself notes that Mr. Arias has not been designated as a party, party officer, or director. *See* Dkt. No. 74 at 5. "The question, then, is whether Mr. [Arias] is, for these purposes, Defendant's 'managing agent' and so properly noticed for deposition under Rule 30 through Defendant's counsel. The party seeking to take the deposition bears the burden of establishing the capacity of the person sought to be examined. But some courts have also held that 'doubt about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are resolved in favor of the examining party. But, [i]f an examining party fails to meet its burden, it must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses." *Jackson*, 2015 WL 221087, at *2 (citations and internal quotation marks omitted).

Despite some assertions by counsel on the topic at oral argument, Plaintiff has made no showing in his MTC and offered no evidence to support a finding that Mr. Arias is Defendant's managing agent. Accordingly, absent consent for Mr. Arias to

simply be noticed for deposition, which is lacking here, Plaintiff must seek Mr. Arias's deposition through a Rule 45 subpoena. There is no dispute that Plaintiff's counsel Plaintiff has not done so here, and Plaintiff's notice to Defendant's counsel cannot qualify as a valid subpoena where there is no evidence that, among other requirements that Rule 45 imposes, Plaintiff personally served Mr. Arias with a subpoena or tendered the required witness fees and mileage allowance.

Plaintiff's motion to compel Defendant to produce Mr. Arias for a deposition in Dallas is denied. Because Plaintiff has not properly sought Mr. Arias's deposition, the Court does not reach the issue of whether Mr. Arias could be required to be deposed in Dallas, Texas. But the Court notes that Federal Rule of Civil Procedure 45(c)(1) provides that "[a] subpoena may command a person to attend a ... deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense." FED. R. CIV. P. 45(c)(1).

III.   Mediation

At oral argument, counsel reported that they have agreed to mediate this case and have agreed on a mediator but have not yet agreed on a date for mediation. But counsel agreed to do so by April 15, 2016.

Plaintiff and Defendant are ordered to reach agreement on a date for mediation by **April 15, 2016**.

IV.    Rule 37(a)(5) Award of Expenses.

As noted above, Rule 37(a)(5)(B) provides that, if a motion to compel is denied, "the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(B).

The Court will grant Plaintiff until **April 22, 2016** to file a response to this order to explain why the Court should not require Plaintiff or Plaintiff's counsel to pay Defendant, as required by Rule 37(a)(5), the expenses, including attorneys' fees, that Defendant incurred in opposing Plaintiff's MTC. In the response, Plaintiff should fully explain whether his MTC was substantially justified or whether other circumstances make an award of expenses under Rule 37(a)(5) unjust.

Defendant may file a reply to this response by **May 6, 2016**. The Court defers ruling on any award of expenses under Rules 37(a)(5) pending this briefing.

## Conclusion

For the reasons explained above, the Court DENIES Plaintiff's Motion to Compel [Dkt. No. 74].

SO ORDERED.

DATED: April 8, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE