IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILBUR RAY HARRISON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:13-CV-4682-D |
| VS. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") moves for leave to file an amended answer and a second motion for summary judgment after the deadlines for doing so have passed. For the following reasons, the court grants Wells Fargo's motion, and it also resets the trial of this case.

I

Because this case is the subject of two prior memorandum opinions, *Harrison v. Wells Fargo Bank, N.A.*, 2015 WL 1649069 (N.D. Tex. Apr. 14, 2015) (Fitzwater, J.) ("*Harrison I*"), and *Harrison v. Wells Fargo Bank, N.A.*, 2015 WL 5547495 (N.D. Tex. Sept. 21, 2015) ("*Harrison II*"), the court will limit its discussion of the background facts and procedural history to what is pertinent to this decision.

Plaintiff Wilbur Ray Harrison ("Harrison") filed this lawsuit in state court against Wells Fargo alleging claims for breach of contract, fraud by omission, and conversion. After Wells Fargo removed the case to this court, the court entered a scheduling order ("Scheduling

Order") that set November 24, 2014 as the deadline to complete discovery and December 22, 2014 as the deadline to file a motion for summary judgment.

On November 3, 2014 Harrison filed a motion for summary judgment, and on December 12, 2014 he filed a motion for leave to file a second amended complaint. Wells Fargo then filed a cross-motion for summary judgment, contending, *inter alia*, that Harrison's suit "is conclusively barred by the applicable one-year statute of limitations pursuant to Chapter 5 of the Texas Business and Commerce Code." D. 12/19/14 Br. 1. In *Harrison I* the court denied the parties' cross-motions for summary judgment, but it granted Harrison leave to file an amended complaint. *Harrison I*, 2015 WL 1649069, at *5, 11. On April 20, 2015 Harrison filed his second amended complaint, alleging for the first time a claim for willful violation of the automatic bankruptcy stay.

On May 12, 2015 Harrison filed a motion for partial summary judgment addressing his claim for willful violation of the automatic stay. In response, the court ordered that Harrison demonstrate why he should be permitted to file a second motion for partial summary judgment, and to do so after the court-ordered deadline. Harrison responded by requesting leave to amend the Scheduling Order and to permit him to move for partial summary judgment solely on the issue of whether the automatic stay had been violated in the bankruptcy of The Millennium Protection Group, Inc. ("Millennium"). Wells Fargo opposed Harrison's request, but it asked in the alternative that, if the court granted Harrison leave to file the second summary judgment motion, it also continue the discovery deadline and allow Wells Fargo sufficient time to complete discovery and respond to Harrison's summary

judgment motion.   Harrison also filed a motion to extend the deadline for completing discovery.

In *Harrison II* the court granted the parties' motions to extend the discovery deadline, extending the deadline for 90 days so that the parties could complete the additional discovery they requested in their motions.   The court also granted Harrison's request to file a second motion for partial summary judgment, concluding that there was no suggestion that Harrison was attempting to take a "second bite of the apple" or to improperly divide his arguments between successive motions.   *Harrison II*, 2015 WL 5547495, at *2.   Finally, the court granted Harrison's request that the court amend the Scheduling Order to permit him to file his second motion for summary judgment.   *Id.* at *4.   The court on its own initiative reset the trial of the case to the two-week docket of April 4, 2016.

Harrison filed his amended motion for partial summary judgment on October 19, 2015.   The parties agreed that Wells Fargo would take Harrison's deposition on December 1, 2015.   On November 18, 2015, however, Harrison sought a 90-day continuance of the December 21, 2015 discovery deadline due to health issues that he stated would interfere with his ability to focus, remember, and think clearly during a deposition.   The court granted Harrison's motion, extending the discovery deadline to March 21, 2016.   Wells Fargo deposed Harrison on March 18, 2016.

Wells Fargo now moves for leave to file an amended answer and second motion for summary judgment.   It seeks to amend its answer to include the affirmative defense of limitations as to all of Harrison's claims.   It also requests permission to move for summary

judgment on Harrison's automatic stay claim, which was not asserted until after the dispositive motion deadline, and on each of Harrison's remaining claims.

## II

The court begins with Wells Fargo's motion for leave to amend its answer.

## A

Fed. R. Civ. P. 16(b)(3)(A) provides that the "scheduling order must limit the time to . . . amend the pleadings[.]"  When a motion to amend the pleadings is filed after the court-ordered deadline, the court must first decide whether to modify the scheduling order under the Rule 16(b)(4) good cause standard before considering whether to grant leave to amend under the more liberal standard of Rule 15(a)(2).  *See S & W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

On April 9, 2014 the court entered the Scheduling Order in this case, setting July 1, 2014 as the deadline for a party to move for leave to amend the pleadings.  Although in *Harrison I* the court granted Harrison leave to file his second amended complaint, and has twice extended the discovery deadline, it has never extended the deadline for moving for leave to amend the pleadings.  Accordingly, because the instant motion for leave to amend was filed after the deadline for moving for leave to amend the pleadings, Wells Fargo must first establish good cause under Rule 16(b)(4) to modify the Scheduling Order.

The court assesses four factors when deciding whether to grant a motion for leave to modify under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to

amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (citation, internal quotation marks, and brackets omitted).   The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

1

The court first considers Wells Fargo's explanation for failing to move by the court-ordered deadline for leave to amend its answer.  Wells Fargo filed its answer to Harrison's second amended complaint on May 7, 2015, asserting limitations as an affirmative defense to Harrison's claim for violation of the automatic stay.  It now seeks leave to amend its answer to plead the affirmative defense of limitations as to *all* of Harrison's remaining claims.  In support of its motion, Wells Fargo contends that Harrison's vague pleadings and discovery responses unreasonably obscured the exact date on which Harrison or his predecessor learned of the acts or omissions giving rise to his causes of action; that it was not until Wells Fargo deposed Harrison on March 18, 2016 that it discovered that each of Harrison's claims is based *solely* on Wells Fargo's alleged wrongful payment of letters of credit and the resulting offset of money owed to Wells Fargo by Millennium against certificates of deposit held by Millennium at Wells Fargo in April of 2009; and that, likewise, it was not until Harrison's deposition that "[Harrison] confirmed that [he and] Millennium

- 5 -

. . . knew of the alleged acts or omissions that serve as the basis for [his] causes of action in this case not later than May 11, 2009." D. Br. 7.  Wells Fargo contends that because of the uncertainty presented by Harrison's pleadings and discovery responses, it was unable, in good faith, to assert that each of Harrison's claims is barred by the applicable statute of limitations prior to the current pleading deadline.

Harrison responds that Wells Fargo has not been diligent in seeking to depose him, and that it should not be permitted to amend its answer so close to trial.  Harrison also maintains that Wells Fargo could have included the affirmative defense in its already-filed answer, and that its failure to do so "when there was even a suggestion that it could be an issue" is evidence of Wells Fargo's lack of diligence.  P. Br. 4.

The court concludes that Wells Fargo has not provided a compelling explanation for failing to move earlier for leave to amend its answer.  In its original answer, filed February 25, 2014, Wells Fargo asserted the following affirmative defense: "Plaintiff's claims are barred by the statute of limitations under Section 5.115 of the Texas Business & Commerce Code."  Ans. ¶ 34.  Wells Fargo then moved for summary judgment on this affirmative defense, arguing that "[t]here is no reasonable dispute in this case that [Harrison]'s claims for breach of contract, fraud by nondisclosure, and conversion *relate wholly to the parties' respective rights under the letters of credit*," D. 12/19/14 Br. 6 (emphasis added); that Wells Fargo made disbursements to the letter of credit beneficiaries "shortly after" Millennium's bankruptcy filing on April 1, 2009 and that Harrison "was certainly aware of the claims as of May 11, 2009," *id.* at 7; and that "*all* of [Harrison]'s claims are conclusively barred by the

applicable statute of limitations," *id.* at 8 (emphasis added).  Although Wells Fargo made these arguments in the context of its incorrect assertion that Harrison's claims were barred by Tex. Bus. & Com. Code § 5.115, the facts Wells Fargo alleged in support of its Tex. Bus. & Com. Code § 5.115 defense are the same facts as would support an affirmative defense based on the statute of limitations.  Wells Fargo contends that it was unable to plead in good faith the affirmative defense of limitations as to all of Harrison's claims until after Harrison's March 18, 2016 deposition, but this contention is contradicted by Wells Fargo's earlier pleadings and summary judgment arguments.  Wells Fargo fails to explain why it was able in its answer and first motion for summary judgment to argue limitations (albeit incorrectly under the Texas Business and Commerce Code) as to all of Harrison's claims, yet could not "in good faith," D. Br. 7, plead the affirmative defense of limitations as to all of Harrison's claims in its answer to Harrison's second amended complaint.  This factor weighs against granting defendant's motion.

2

Under the second factor, the court considers the importance of the amendment.  The court concludes that amending the answer to include this affirmative defense is important because, as Wells Fargo argues, the amendment would allow Wells Fargo to assert a potentially case-dispositive affirmative defense.  Therefore, this factor weighs in favor of granting defendant's motion for leave.

3

Under the third factor, the court considers the potential for prejudice to Harrison if the

court modifies the Scheduling Order, thereby enabling Wells Fargo to amend its answer. Wells Fargo contends that no prejudice will result from its proposed amendment because the amendment does not add any new substantive claims or counterclaims, will not result in additional discovery, and Harrison will have ample time to respond to any motion for summary judgment filed by Wells Fargo based on its amended pleadings since the facts relating to the statute of limitations issue are undisputed. Harrison responds that he will be prejudiced if the court grants the motion to amend because "[p]ermitting a last-minute pleading amendment so that Defendant can re-file a dispositive motion at the 11th hour would severely prejudice Plaintiff in this suit." P. Br. 5.

The court concludes that this factor weighs in favor of granting defendants' motion. First, although trial was set for the two-week docket of July 5, 2016 at the time Harrison filed his opposition to Wells Fargo's motion for leave to amend, the court in the interim has granted Harrison's unopposed motion for a continuance, continuing the trial setting to the two-week docket of October 17, 2016, and today is continuing the trial to the two-week docket of February 6, 2017. Harrison has not provided any reason why he could not prepare a response to Wells Fargo's limitations affirmative defense in the time that remains before trial. Second, although Harrison states in his response that "several genuine issues of material fact exist" regarding Wells Fargo's proposed limitations defense, P. Br. 4,[1] he does

---

[1]He contends that these fact issues "includ[e] the accrual of the causes of action, the applicable statute of limitations based upon the factual scenario, and whether the initial filing of this suit falls within the applicable statute of limitations." P. Br. 4. Wells Fargo responds that, based on Harrison's testimony, the date the claims accrued is a confirmed and

not contend that additional discovery will be required, or that he will be unable to prepare a response to Wells Fargo's limitations defense by the trial setting.

4

Under the fourth factor, the court considers the availability of a continuance to cure prejudice.  The court on its own initiative is continuing the trial to the two-week docket of February 6, 2017.  There is no indication that the parties will require another continuance if the court permits Wells Fargo to amend its answer.  Accordingly, the court concludes that this factor is neutral.

5

Finally, the court considers the four factors holistically.  "It does not mechanically count the number of factors that favor each side."  *EEOC*, 2009 WL 3294863, at *3. Assessing the factors as a whole, the court holds that Wells Fargo has met the good cause standard for modifying the Scheduling Order.  Although Wells Fargo's explanation for the delay in seeking leave to amend its answer is not compelling, the proposed amendment is important, it will not require any additional discovery, and Harrison has not shown how he will be prejudiced by an amendment.

C

The court now decides under the Rule 15(a) standard whether leave to amend should

---

undisputed fact; the applicable statute of limitations to each cause of action is clearly a question of law; and whether the initial filing falls within the applicable statute of limitations is not even a fact at issue because that date is clearly October 28, 2013, the date Harrison filed this lawsuit.

be granted.  *See S & W Enters.*, 315 F.3d at 536.  Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."  Granting leave to amend, however, "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  The court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.  *Id.* (citing cases).

Although Harrison maintains that Wells Fargo lacks diligence, there is no suggestion that Wells Fargo's failure to initially plead its affirmative defense of limitations as to all claims was the result of undue delay, bad faith, or dilatory motive.  This is the first time Wells Fargo has requested leave to amend its answer, there is no suggestion that the amendment is futile, and, as explained above, Harrison has not shown that he will be unduly prejudiced by the amendment.  Accordingly, having considered Wells Fargo's motion under the Rule 15(a)(2) standard, the court concludes that it should be granted.

III

The court now turns to Wells Fargo's motion for leave to file a second motion for summary judgment.

A

Before deciding whether the Scheduling Order should be modified so that Wells Fargo can move for partial summary judgment after the applicable deadline, the court will address

whether Wells Fargo should be permitted to file a second summary judgment motion at all.

1

Wells Fargo seeks leave to file a second motion for summary judgment that it states would primarily rest on two grounds:

> (1) that each of Plaintiff's claims, including the claim that Wells Fargo violated the automatic stay, which was not pled until *after* the summary judgment deadline, is barred by various affirmative defenses, including the statute of limitation applicable to each of Plaintiff's causes of action, and (2) that there is no genuine dispute of material fact, based on discovery conducted in this case, that Plaintiff is not entitled to the recovery sought in his Second Amended Petition.

D. Br. 11.  Wells Fargo contends that it could not have moved for summary judgment on Harrison's claim for violation of the automatic stay when it filed its first motion for summary judgment because Harrison did not plead this claim until April 20, 2015.[2]  It posits that until it very recently completed written discovery and depositions, it could not have fully addressed by summary judgment Harrison's claims for breach of contract, fraud, and conversion.  Wells Fargo argues that its second motion for summary judgment does not offend the policy considerations behind N.D. Tex. Civ. R. 56.2(b) because its proposed second motion does not constitute an attempt to sidestep the court's page limitations by dividing arguments among successive motions and does not attempt to take a second bite at the apple regarding arguments the court has already addressed.

---

[2]Wells Fargo filed its first motion for summary judgment on December 19, 2014.

2

Rule 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." As the court explained in *Harrison II*:

> Among other functions, [Rule 56.2(b)] prevents the practice—too prevalent before the Rule was adopted—of circumventing the page limits on summary judgment motions by dividing arguments among several motions. And it also enables the court to regulate successive motions that are filed after the court has devoted time and effort to deciding an initial motion and has identified issues that are not subject to summary disposition, but as to which the movant seeks a second bite at the apple. There may be instances . . . where a second motion should be permitted. But the court retains ultimate control that it would not have if successive motions were allowed as of right.

*Harrison II*, 2015 WL 5547495, at *2 (quoting *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, 2007 WL 1969752, at *2 (N.D.Tex. June 27, 2007) (Fitzwater, J.)).

The court concludes that Wells Fargo should be permitted to file a second motion for summary judgment. As Wells Fargo points out, its first motion for summary judgment was filed relatively early in the action and appears to have been filed "with the intention of eliminating [Harrison]'s suit before the parties engaged in substantial discovery efforts." D. Br. 11. Its second motion for summary judgment is being filed with the benefit of completed discovery and is addressed to Harrison's second amended complaint, which the court permitted Harrison to file *after* it decided Wells Fargo's first motion for summary judgment. Permitting Wells Fargo to move for summary judgment a second time may result in the elimination of issues or claims, thus reducing the expense the parties will have to incur if this

case proceeds to trial.  Moreover, there is no indication that Wells Fargo is attempting to take a "second bite of the apple" or to improperly divide its arguments between successive motions.  Regarding Wells Fargo's newly-asserted statute of limitations defense, although the court in *Harrison I* denied Wells Fargo's motion for summary judgment based on the one-year statute of limitations prescribed by Tex. Bus. & Com. Code Ann. § 5.115, it did so as a matter of law and without considering the factual basis for any limitations defense. Although Wells Fargo has previously relied on the facts it will presumably rely on to support its motion for summary judgment on the affirmative defense of limitations, the court has not yet considered these facts or any supporting evidence in deciding the motion previously filed in this case.  Finally, the court has permitted Harrison to file a second motion for summary judgment in this case, *see Harrison II*, 5547495, at *2, which it has not yet decided, and considerations of fairness persuade the court to permit Wells Fargo to do the same. Accordingly, the court concludes that this case presents an instance in which a second motion for summary judgment should be permitted.  *See Home Depot U.S.A.*, 2007 WL 1969752, at *2.

## B

The court now addresses whether to modify the Scheduling Order to permit Wells Fargo to file its second summary judgment motion, using the same four-factor analysis set forth above.  *See supra* § II(A).

## 1

The court first considers Wells Fargo's explanation.  The dispositive motion deadline

in the Scheduling Order is December 22, 2014.  Wells Fargo contends that, to the extent its proposed second motion for summary judgment will address Harrison's automatic stay claim, it could not have moved for summary judgment prior to the current dispositive motion deadline because Harrison did not assert this claim until he filed his second amended complaint on April 20, 2015.  To the extent Wells Fargo's second motion will address Harrison's claims for breach of contract, fraud by omission, and conversion, Wells Fargo points out that discovery in this case did not conclude until March 21, 2016.  It argues that it was unable to move for summary judgment on Harrison's claims for breach of contract, fraud by omission, and conversion until it took Harrison's deposition and inquired about the substantive details and basis of the claims.

The court concludes that this factor weighs in favor of amending the Scheduling Order.  Although the court concluded above that Wells Fargo's explanation for the delay in seeking leave to amend its answer is not compelling, there is no suggestion that Wells Fargo failed to exercise diligence in seeking leave to file its motion for summary judgment after it secured the deposition testimony that it apparently believes it needs to support its motion for summary judgment on that defense.  And the court agrees that, even in the exercise of diligence, Wells Fargo could not have moved for summary judgment on Harrison's automatic stay claim by the dispositive motions deadline.

2

The second factor is the importance of the requested relief.  Wells Fargo contends its proposed second motion for summary judgment is important because it could potentially

resolve this matter in its entirety or, at the very least, limit the number of claims that would need to be presented at trial, and that, in light of the potential time and resource savings the proposed motion could provide, granting Wells Fargo leave to file its proposed second motion for summary judgment is important.  Harrison responds that because genuine issues of material fact exist that would preclude summary judgment on Wells Fargo's limitations affirmative defense, the importance of re-filing a dispositive motion on this issue does not merit the court's granting such leave.

The court holds that the relief Wells Fargo requests is important.  As the court explained in *Harrison II*, "there is value—both in the time that may be saved at trial and the ability of the parties to more meaningfully discuss settlement—if the court is able to decide the issues related to Harrison's claim[s] . . . before trial."  *Harrison II*, 2015 WL 5547495, at *4.  Accordingly, this factor weighs in favor of amending the Scheduling Order.

3

The court will consider together the third factor—the potential prejudice to Harrison in allowing the amendment—and the fourth factor— the availability of a continuance to cure such prejudice.  As the court explained above, Harrison's conclusory assertion that "[p]ermitting a last-minute pleading amendment so that Defendant can re-file a dispositive motion at the 11th hour would severely prejudice Plaintiff in this suit," P. Br. 5, is insufficient to show that he will be prejudiced if the court permits Wells Fargo to file a second motion for summary judgment.  Even if Harrison could show prejudice, the court has already continued trial of this case to the two-week docket of February 6, 2017.

- 15 -

4

Assessing the factors as a whole, the court holds that Wells Fargo has met the good cause standard for modifying the Scheduling Order.  It has explained why it failed to file its second motion for partial summary judgment until after the Scheduling Order deadline, the amendment it seeks is important, and there is no basis to conclude that Harrison will be unduly prejudiced, especially given that the court has pending before it Harrison's own late-filed motion for summary judgment.  Accordingly, Wells Fargo's motion for leave to file a second motion for summary judgment is granted.  It must do so within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

For the foregoing reasons, the court grants Wells Fargo's motion for leave to file an amended answer and directs the clerk of court to file Wells Fargo's second amended answer today.  The court grants Wells Fargo's motion for leave to file a second motion for summary judgment, and it resets the trial of this case to February 6, 2017.

**SO ORDERED**.

July 6, 2016.


_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE